## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
       **Plaintiff,**

    v.                                                **Case No. 09-CR-18**

**DONALD JEFFERSON**
       **Defendant.**

---

### DECISION AND ORDER

The government charged defendant Donald Jefferson in a three-count indictment with possessing two machine guns, one short-barreled shotgun and one silencer, all contrary to 26 U.S.C. § 5861(d). The charges arose out of the search, pursuant to a warrant, of a car wash operated by a drug suspect named Calvin Coleman. The agents located the contraband in a common area of the building, in which defendant rented space.

Defendant moved to suppress the contraband, arguing that (1) the search warrant was not supported by probable cause; (2) the warrant failed to describe the place to be searched with sufficient particularity; and (3) the executing officers exceeded the scope of the warrant when they seized the contraband from the common area.[1] The magistrate judge handling pre-trial proceedings in the case held an evidentiary hearing, then issued a recommendation that the motion be denied, concluding that the warrant was supported by probable cause, that the warrant was sufficiently specific, and that defendant lacked a reasonable expectation of privacy in the common area. Defendant objects to the first and third conclusions, requiring me to

---

[1] In the original motion, defendant also moved to suppress post-arrest statements to law enforcement, but he later abandoned those claims.

review those issues de novo. Fed. R. Crim. P. 59(b); see also United States v. O'Neill, 27 F. Supp. 2d 1121, 1126 (E.D. Wis.1998) (stating that the district court reviews de novo only those portions of a recommendation to which specific objection is made).

## I. FACTS

Neither side objects to the magistrate judge's statement of facts. I therefore adopt that statement and present an abbreviated version of events herein.

On May 8, 2007, Magistrate Judge Callahan issued a search warrant for the Personal Touch Car Wash located at 3716 W. North Avenue, Milwaukee, Wisconsin, a business the investigating agents believed to be operated by Coleman, a suspect in a drug investigation. The search warrant described the place to be searched as:

> 3716 W. North Ave.- Business called Personal Touch Car Wash located at the rear of a 2 story, multi unit with store fronts in the lower and apparent apartments in the upper with brown brick with brown trim. The rear of the building is where the car wash is located. There is a two car white overhea[d] garage door and a single car brown overhead garage door.

(Search Warrant at 1.)

The warrant application was based on the affidavit of DEA Task Force Agent Steve Wellens, which stated that agents had been investigating the drug trafficking activities of Coleman, Darin Bowie, Jimmie Durrant and Robert Hampton. Wellens averred that "[i]nformation gathered to date establishes that DURANT, COLEMAN, BOWIE and others associated closely with them, have been involved in the sustained distribution of large amounts of cocaine and money laundering activities in the Milwaukee, Wisconsin area." (Wellens Aff. at 5.) The investigation included, inter alia, court-authorized wiretaps, surveillance and the gathering of documentary evidence, which Wellens described in great detail over thirty-nine pages.

2

As is pertinent to the instant search, Wellens averred that on October 31, 2006, "COLEMAN and BOWIE discussed doing a cocaine deal at COLEMAN's car wash. Public records indicate that COLEMAN owns 'Personal Touch Car Wash' located at 3716 W. North Avenue, Milwaukee, Wisconsin." (Wellens Aff. at 11.) Wellens further averred that "[o]n November 9, 2006, at 6:40 p.m., surveillance in the area of COLEMAN's car wash located at 3716 W. North Avenue, observed the previously described silver minivan, bearing IL license place 7909098, parked unoccupied in the rear alley. A few minutes later the van was moved to the 2300 blk. of N. 37th St. In the course of approximately 1 hour, surveillance observed a high frequency of foot traffic and vehicular traffic coming and going from the car wash from the alley. Subsequent monitoring and surveillance revealed that COLEMAN instructed RAGLAND to meet CLAYBROOKS in the alley behind the car wash and conduct a drug deal." (Wellens Aff. at 11-12.) Finally, Wellens stated that the "[r]ear unit of 3716 W. North Ave. is a car wash that Calvin COLEMAN operates that is named Personal Touch Car Wash. The address is part of connected buildings at 3714-3722 W. North Ave. that are owned by Demetrius THOMPSON (a drug customer of COLEMAN's) who resides at 6729 W. Lisbon Ave." (Wellens Aff. at 38.)

Agents executed the warrant on May 9, 2007. Milwaukee Police Department Detective Miguel Correa, who participated in the investigation and the search, testified that he and other officers entered the Personal Touch Car Wash through a pedestrian door next to the double-overhead garage door. The agents found the business unoccupied.

Once through the pedestrian door, Correa observed a garage-like area containing a variety of items including motorcycles and motorcycle parts. Correa observed a locked door to the left, which appeared to lead to an interior space behind the single vehicle overhead garage door and which the agents did not enter. At the rear of the garage area, Correa

3

observed another locked door, which he breached. After opening that door, Correa observed a landing that led down to what appeared to be a common basement area for the building. Correa further observed a door to the left of the landing, which was ajar and led to a storefront, and another door to the right of the landing, which was closed and apparently led to another storefront. The officers conducted a protective sweep of the area through the door to the left of the landing, finding no one and discovering that the area behind the door to the left of the landing was a vacant storefront.

Correa then proceeded to the basement area where he observed two open entryways. On the left, Correa observed an entryway that led to a storage area and on the right he observed an entryway that opened to an area that contained, among other things, various motorcycle parts, and items for lounging and cooking. Correa stated that he believed the recreational area to be a part of the car wash. In the recreational area, Correa observed a closet with a car hood leaning against the door keeping the door shut. Correa moved the hood, opened the unlocked closet and found a large hockey bag resting on top of a stack of wood. Inside the bag, officers discovered guns, magazines, ammunition, a scope and a silencer. Officers later connected these items to defendant.

## II. DISCUSSION

### A. Probable Cause for Issuance of Warrant

Probable cause to issue a warrant exists when the warrant application alleges facts sufficient to induce a reasonably prudent person to believe that a search will uncover evidence of a crime. United States v. Peck, 317 F.3d 754, 756 (7th Cir. 2003). The Supreme Court has explained that:

4

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

Illinois v. Gates, 462 U.S. 213, 238 (1983); see also United States v. Millbrook, 553 F.3d 1057, 1061 (7th Cir. 2009) ("Probable cause to issue a search warrant is established when the information in the supporting affidavit, taken as a whole, provides information that would lead a reasonable person to believe there is a fair probability that contraband or evidence of a crime will be found.").

The reviewing court considers the application in a realistic and common sense manner in order to determine whether it alleges specific facts and circumstances that would permit the issuing magistrate to reasonably conclude that the evidence sought to be seized was associated with the crime alleged and located in the place indicated. United States v. Koerth, 312 F.3d 862, 866-67 (7th Cir. 2002). The reviewing court affords the magistrate's determination of probable cause considerable weight and resolves doubtful cases in favor of upholding the warrant. United States v. Quintanilla, 218 F.3d 674, 677 (7th Cir. 2000); see also United States v. McIntire, 516 F.3d 576, 578 (7th Cir. 2008) (holding that "great deference" must be afforded to the decision of the judge issuing the search warrant).

Defendant argues that the information included in the warrant application in the present case failed to show that Coleman dealt drugs out of the car wash, or that evidence of crime would be found there. However, I agree with the magistrate judge that the affidavit established probable cause.

The affidavit established that Coleman was engaging in drug trafficking, and that he owned and operated Personal Touch Car Wash. Wellens averred that, based on his

5

experience, drug traffickers secreted contraband in secure locations within their residences and business. (Wellens Aff. at 2.) The Seventh Circuit has held that an issuing magistrate may rely on an officer's experience to draw reasonable inferences about where evidence is likely to be kept, even in the absence of a direct link between the evidence and the place to be searched. See, e.g., United States v. Orozco, 576 F.3d 745, 749-50 (7th Cir. 2009); United States v. Lamon, 930 F.2d 1183, 1188 (7th Cir. 1991). Further, Wellens relayed the contents of an intercepted phone call during which Bowie and Coleman discussed doing a deal at Coleman's car wash. About a week later, agents conducted surveillance of the car wash, observing high frequency foot and vehicular traffic between the car wash and the alley. Subsequent monitoring and surveillance revealed that Coleman instructed an associate to meet a customer in the alley behind the car wash and conduct a drug deal.

In his objections, defendant contends that Coleman and Bowie discussed only the "possibility" of a drug deal, and that the agents did not personally observe a drug transaction in the alley behind the car wash. But probable cause requires only a fair probability or a substantial chance that evidence may be found in a particular place. See, e.g., United States v. Sidwell, 440 F.3d 865, 869 (7th Cir. 2006); see also United States v. Funches, 327 F.3d 582, 586 (7th Cir. 2003) (indicating that probable cause does not require "evidence demonstrating that it is more likely than not" that evidence may be found). Given the information obtained through physical surveillance and electronic interception, the agents had gathered sufficient evidence to establish probable cause.

Defendant also argues that the information in the affidavit was stale, due to the five month gap between the information about Coleman's specific drug-related activities at the car wash and the issuance of the warrant. As the magistrate judge noted, while the age of

6

information supporting a warrant application is relevant, the passage of time is less critical where, as here, the affidavit alleges ongoing, continuous criminal activity. See, e.g., United States v. Spry, 190 F.3d 829, 836 (7th Cir. 1999); United States v. Pless, 982 F.2d 1118, 1126 (7th Cir. 1992). Wellens alleged a drug conspiracy of long-standing, making it reasonable for the issuing magistrate to conclude that evidence of crime would be found in his car wash in May 2007. See United States v. McNeese, 901 F.2d 585, 597 (7th Cir. 1990) (stating that courts have found that search warrants were not stale when based on information five and nine months old, and that when a conspiracy to distribute drugs has been ongoing for years and is clearly an activity of a protracted and continuous nature, the passage of time between the last described act and the application for the warrant diminishes in significance), overruled on other grounds as stated by United States v. Westmoreland, 240 F.3d 618 (7th Cir. 2001).

For these reasons and those stated by the magistrate judge, I find the warrant supported by probable cause. Thus, this aspect of the motion will be denied.[2]

---

[2] Because the magistrate judge found the warrant supported by probable cause, he did not address the "good faith" exception of United States v. Leon, 468 U.S. 897 (1984). Under Leon, if the reviewing court finds the warrant deficient, it must then determine whether the executing officers could have relied in good faith on the magistrate's decision to issue the warrant. Id. at 920-24. An officer's decision to seek a warrant is prima facie evidence that he acted in good faith. Koerth, 312 F.3d at 868. "A defendant can rebut the presumption of good faith only by showing that the judge issuing the warrant abandoned his/her detached and neutral role, the officers were dishonest or reckless in preparing the affidavit, or the warrant was so lacking in probable cause as to render the officer's belief in its existence entirely unreasonable." United States v. Otero, 495 F.3d 393, 398 (7th Cir.), cert. denied, 128 S. Ct. 425 (2007); see also Koerth, 312 F.3d at 869 (holding that Leon applies unless (1) courts have clearly held that a materially similar affidavit previously failed to establish probable cause or (2) the affidavit is so plainly deficient that any reasonably well-trained officer would have known that it failed to establish probable cause). As the government argued in its post-hearing brief, there is no evidence supporting the notion that the officers misled the magistrate, and defendant fails to demonstrate that the warrant application is plainly deficient or to cite any cases rejecting materially similar applications. Therefore, I find in the alternative that the good faith exception applies. Further, as noted above, defendant does not object to the magistrate

7

**B.	Scope of the Search**

Based on Correa's admission that he knew he was leaving the car wash area when he proceeded through the door leading to the basement (Tr. at 52), and the evidence demonstrating that the basement was accessible to other occupants of the building, the magistrate judge found that the agents exceeded the scope of the warrant when they searched the basement common area. However, the magistrate judge went on to find that defendant lacked a legitimate expectation of privacy in the basement common area, noting the lack of testimony or an affidavit from the defendant addressing the issue.

In his objections, defendant concedes that based on the record made before the magistrate judge his claim of standing to object to the search of the basement closet is tenuous. He indicates that he did not address the issue more fully because he did not anticipate standing being an issue. He attaches to his objections two affidavits addressing his expectation of privacy, in which he claims that the closet was reserved exclusively for him, and that he sought to exclude others from it.

I will not rule on this aspect of the motion at this time. Instead, I will schedule the matter for status to discuss the need for further proceedings on this issue.

### III.  CONCLUSION

**THEREFORE, IT IS ORDERED** that the magistrate judge's recommendation is adopted in part, and defendant's motion to suppress is **DENIED** in part as stated herein.

**IT IS FURTHER ORDERED** that this matter is scheduled for **STATUS** on **Tuesday,**

---

judge's finding on particularity. He has therefore waived his right to further review of this issue. Fed. R. Crim. P. 59(b)(2). For the reasons stated by the magistrate judge, I will deny this aspect of the motion as well.

8

**November 3, 2009, at 3:45 p.m.**

Dated at Milwaukee, Wisconsin, this 29th day of October, 2009.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge